******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

STATE OF CONNECTICUT *v.*
ANTHONY E. BROOKS, JR.
(AC 40425)

Lavine, Devlin and Harper, Js.

*Syllabus*

Convicted of the crimes of criminal possession of a firearm, criminal posses-
sion of ammunition, carrying a pistol without a permit, illegal receipt
of a firearm, possession of a weapon in a motor vehicle and interfering
with an officer, the defendant appealed to this court. *Held* that there
was insufficient evidence to support the defendant's conviction of illegal
receipt of a firearm; the state did not prove that the defendant was
disqualified from receiving a firearm at the time that he received the
firearm in question, nor did it establish when the defendant came into
possession of the firearm.

Argued September 18—officially released November 12, 2019

*Procedural History*

Substitute information charging the defendant with
the crimes of criminal possession of a firearm, criminal
possession of ammunition, carrying a pistol without a
permit, stealing a firearm, illegal receipt of a firearm,
illegal possession of a weapon in a motor vehicle and
interfering with an officer, brought to the Superior
Court in the judicial district of Waterbury, geographical
area number four, and tried to a jury before *K. Murphy,
J.*; thereafter, the court granted the defendant's motion
for judgment of acquittal as to the count alleging steal-
ing a firearm; verdict and judgment of guilty, from which
the defendant appealed to this court. *Reversed in part;
judgment directed.*

*Judie Marshall*, for the appellant (defendant).

*Rocco A. Chiarenza*, assistant state's attorney, with
whom, on the brief, were *Maureen Platt*, state's attor-
ney, and *David A. Gulick*, senior assistant state's attor-
ney, for the appellee (state).

*Opinion*

DEVLIN, J. The defendant, Anthony E. Brooks, Jr., appeals from the judgment of conviction, rendered after a jury trial, of illegal receipt of a firearm in violation of General Statutes § 29-33 (b).[1] On appeal, the defendant asserts that there was insufficient evidence to support his conviction of that charge because the state did not prove when or how the defendant received the firearm. We disagree with the defendant's argument but conclude, for another reason, that there was insufficient evidence to support the defendant's conviction of illegal receipt of a firearm. Accordingly, we reverse the judgment of conviction only on this count and remand this case with direction to vacate the conviction of this offense.[2]

As relevant to this appeal, the jury reasonably could have found the following facts. On September 9, 2015, the police attempted to conduct a motor vehicle stop of the defendant for his failure to obey a stop sign. After crashing his car and fleeing on foot, the defendant was confronted by the police and was seen tossing an object away from him. The police recovered the object, which proved to be a Remington Arms Model 1911 R1 .45 ACP handgun that had been reported stolen on July 27, 2012.

Following a jury trial, the defendant was convicted on November 30, 2016 of, inter alia, illegal receipt of a firearm in violation of § 29-33 (b). The statute provides in relevant part: "[N]o person may purchase or receive any pistol or revolver unless such person holds a valid permit to carry a pistol or revolver . . . a valid permit to sell at retail a pistol or revolver . . . or a valid eligibility certificate . . . or is a federal marshal, parole officer or peace officer." General Statutes § 29-33 (b).[3] On appeal, the defendant argues that there was insufficient evidence to support his conviction on this count. We agree.

Although the parties disagree as to the precise meaning of the word "receive" in § 29-33 (b), both agree that it means more than mere possession. At trial, the state proved that on September 9, 2015, when the defendant was found to be in possession of a firearm, he was disqualified from receiving a firearm because he was a convicted felon. The state, however, concedes that it did not prove that the defendant was disqualified at the time that he received the firearm, nor did it establish when the defendant came into possession of the firearm. The state, therefore, further concedes, and we agree after examining the record, that there was insufficient evidence to establish that the defendant violated § 29-33 (b).[4]

The judgment is reversed only as to the conviction of illegal receipt of a firearm and the case is remanded with direction to vacate the defendant's conviction of

that offense; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] The defendant was also convicted of criminal possession of a firearm in violation of General Statutes § 53a-217 (a), criminal possession of ammunition in violation of § 53a-217 (a), carrying a pistol without a permit in violation of General Statutes § 29-35 (a), illegal possession of a weapon in a motor vehicle in violation of General Statutes § 29-38 (a), and interfering with a police officer in violation of General Statutes § 53a-167a (a). These convictions are not affected by this appeal.

[2] As our Supreme Court has elaborated, "[the] principles of judicial economy dictate that, in a case in which the judgment of the reviewing court does not change the total effective sentence, the reviewing court should not order the trial court to resentence a defendant on the remaining convictions unless there is some evidence or some other basis in the record supporting the conclusion that the judgment of the reviewing court altered the original sentencing intent." *State* v. *Johnson*, 316 Conn. 34, 42–43, 111 A.3d 447 (2015).

Because our decision does not alter the total effective sentence, and because there is no evidence that our decision would alter the trial court's original intent at sentencing, we conclude that the defendant need not be resentenced.

[3] When the state brought charges against the defendant, it charged him with violating General Statutes § 29-33 (b) by illegally receiving a firearm. The state did not charge the defendant with illegally purchasing a firearm. Therefore, we need only address the sufficiency of evidence necessary to establish illegal receipt of a firearm in violation of § 29-33 (b).

[4] In light of the state's concession that it did not offer sufficient evidence to prove receipt of a firearm, we see no need to address the issue of the meaning of "receive" in § 29-33 (b).

––––––––––––––––––––––––